UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JASON DUENES,

                          Civil No. 24-272 (JRT/SGE)

        Plaintiff,

v.

MINNESOTA PRAIRIE COUNTY ALLIANCE;    **MEMORANDUM OPINION AND ORDER**
JANE HARDWICK; ERIN SMITH; SHERI        **DISMISSING FOR LACK OF JURISDICTION**
DEVROY; BROOKLYNN FREDERICKSEN;
BARBARA CARLSON; JENNIFER HAGE;
MARY ULRICH; DOES; JON HUEMOELLER;
BILLIE FRANTESL; and FERNBROOK,

        Defendants.

---

Jason Duenes, 440 South Halladay Street, Good Thunder, MN 56037, *pro se* Plaintiff.

James R. Andreen, **ERSTAD & RIEMER, P.A.**, 7301 Ohms Lane, Suite 400, Minneapolis, MN 55439, for Defendants Minnesota Prairie County Alliance, Jane Hardwick, Erin Smith, Sheri Devroy, and Billie Frantesl.

Kirsten J. Hansen, **STICH ANGELL KREIDLER & UNKE, P.A.**, 3601 Minnesota Drive, Suite 450, Minneapolis, MN 55435, for Defendant Brooklynn Fredericksen.

Brittany R. King-Asamoa, **GISLASON & HUNTER LLP**, 111 South Second Street, Suite 500, Mankato, MN 56001, for Defendant Barbara Carlson.

Joe Heinrichs, **PATTON HOVERSTEN & BERG**, 2099 Hadley Hills Drive Northeast, Rochester, MN 55906, for Defendant Jennifer Hage.

Vicki A. Hruby, **JARDINE LOGAN & O'BRIEN PLLP**, 8519 Eagle Point Boulevard, Suite 100, Lake Elmo, MN 55042, for Defendant Mary Ulrich.

Plaintiff Jason Duenes and his former partner Defendant Jennifer Hage share one child, J.B.D., who became the center of a lengthy custody dispute. A state court granted Hage sole legal and physical custody of J.B.D. in 2019, which Duenes alleges violated his constitutional rights. Duenes now seeks redress in this Court from those alleged wrongs. But because his claims are inextricably intertwined with the state court judgment, the Court does not have jurisdiction and must dismiss the action with prejudice.

## BACKGROUND

### I.  FACTS

Plaintiff Jason Duenes brought this action against many defendants alleging various constitutional violations after he lost custody of J.B.D. (*See* Am. Compl. ¶ 1, Aug. 12, 2024, Docket No. 82.) Duenes and Hages clearly had and still have a tumultuous relationship. (*Id.* ¶¶ 33–41.) They also had previous custody disputes and allegations of mistreatment of their shared child. (*Id.* ¶¶ 43–62.) But because those facts are largely irrelevant for the motions pending before the Court, the Court will focus its discussion primarily on the specific facts of the custody dispute at issue.

The instant custody dispute began on February 1, 2018, after Defendant Erin Smith received credible allegations of sexual abuse by Duenes against Hage's other child resulting in Smith placing J.B.D. on a 72-hour protective hold. (*Id.* ¶ 66.) J.B.D. was placed in the care of Hage. (*Id.* ¶¶ 72–77.) On February 6, 2018, Defendant Minnesota Prairie County Alliance ("MN Prairie") filed a Child in need of Protective Services ("CHIPS")

petition, and a Steele County Judge, Joseph A. Bueltel, determined at an emergency protective hearing that the petition established "a prima facia showing that a juvenile protection matter exists" regarding J.B.D.  (*Id.* ¶ 90; Decl. Vicki A. Hruby ("Hruby Decl.") ¶ 3, Ex. 1,[1] Ex. 3 ¶ 9, June 27, 2024, Docket No. 37.)  Instead of trial, Duenes admitted that J.B.D. was in need of protection services.  (Am. Compl. ¶ 99; Hruby Decl. ¶ 3, Ex. 5 ¶ 13.)  Judge Bueltel then ordered J.B.D. to remain in the custody of MN Prairie but placed with Hage.  (Hruby Decl. ¶ 3, Ex. 5 at Order ¶ 2.)  Duenes then faced a trial to terminate his parental rights, but instead of proceeding to trial, Duenes consented to the permanent transfer of physical and legal custody of J.B.D. to Hage.  (*Id.*, Ex. 7 ¶ 7; Am. Compl. ¶ 147.)  On September 23, 2022, Judge Bueltel modified the custody order to reinstate Duenes's full legal and physical custody of J.B.D.  (Am. Compl. ¶ 149, Ex. A at Order ¶ 2.)

## II. PROCEDURAL HISTORY

Duenes filed a complaint against many different organizations and individuals[2] who played a role in the CHIPS proceedings.  (Compl. ¶¶ 6–14, Feb. 1, 2024, Docket No. 1.)  Duenes brought four claims under 42. U.S.C. § 1983, including two *Monell* Claims.

---

[1] The Court may take judicial notice of the juvenile proceedings.  *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)).

[2] Specifically, Duenes's complaint named MN Prairie, Jane Hardwick (Executive Director of MN Prairie), Erin Smith and Sheri Devroy (MN Prairie employees) (collectively "MN Prairie Defendants"), Barbara Carlson (substance abuse counselor), Brooklynn Fredericksen (Fernbrook Family Center therapist), Mary Ulrich (Steele County Sheriff's Deputy), Jennifer Hage (J.B.D.'s mother), and other unknown defendants.  (Compl. ¶¶ 6–14.)

(Compl. ¶¶ 88–142.) All Defendants moved to dismiss. (Def. Fredericksen's Mot. Dismiss, May 16, 2024, Docket No. 17; MN Prairie Def.'s Mot. Dismiss, Def. Ulrich's Mot. Dismiss, Def. Hage's Mot. Dismiss, Def. Carlson's Mot. Dismiss, June 27, 2024, Docket Nos. 31, 33, 48, 57.) In response, Duenes filed an amended complaint, adding various factual allegations and adding additional defendants Fernbrook Family Center, Jon Huemoeller (Fernbrook Family Center owner), and Billie Frantesl (MN Prairie employee). (Am. Compl. ¶¶ 8, 11, 16–17.) Duenes also added a claim under 42 U.S.C. § 1985(3) alleging that all Defendants engaged in a conspiracy to deprive Duenes of his constitutional rights. (*Id.* ¶¶ 232–34.) All Defendants except Hage renewed their motions to dismiss. (Def. Ulrich's Am. Mot. Dismiss, MN Prairie Defs.' Am. Mot. Dismiss, Aug. 26, 2024, Docket Nos. 91, 94; Def. Carlson's Am. Mot. Dismiss, Def. Fredericksen's Am. Mot. Dismiss, Aug. 27, 2024, Docket Nos. 98, 102.)

Broadly, Duenes alleged misconduct by Defendants, including, among other allegations, that relevant evidence was not considered, that parties engaged in manipulation, and that evidence was fabricated. (Am. Compl. ¶¶ 81–84, 99, 106–08, 111, 124, 127.) Duenes also alleges that the Defendants conspired to deprive Duenes of his constitutional rights, namely his "continued care, custody, and control of his son." (*Id.* ¶¶ 233–34.)

**DISCUSSION**

**I.    STANDARD OF REVIEW**

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor. *Ashley Cnty., v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). Although the Court accepts the complaint's factual allegations as true and construes the complaint in a light most favorable to the plaintiff, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In other words, a complaint "does not need detailed factual allegations" but must include "more than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

At the motion to dismiss stage, the Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). The Court may also consider matters of public record and exhibits attached to the pleadings, as long as those

documents do not conflict with the complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

## II. ANALYSIS

Duenes Amended Complaint raises many confusing factual allegations under various provisions of the Constitution. However, because the Court does not have jurisdiction to consider this Amended Complaint under the *Rooker-Feldman* doctrine, the Court need not delve into those specific allegations.

Put very simply, "the *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005) (internal quotation marks and citation omitted). The *Rooker-Feldman* doctrine is not limited to claims identical to those address in the state court judgment but also to claims that are "inextricably intertwined." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 287 n.1 (2005). Claims are inextricably intertwined "if the federal claims can succeed only to the extent the state court wrongly decided the issues before it." *Scheffler v. City of Blaine*, 821 F. App'x 653, 655 (8th Cir. 2020).

Here, the harms Duenes alleges arise from the ultimate decision by the state court to transfer custody of J.B.D. to Hage. While Duenes argues that he does not seek to overrule the state judgment, (given that custody of J.B.D. has since been returned to him) he seeks money damages for the harms of the original state judgment. If the Court were to provide Duenes with the relief he seeks, the Court would necessarily need to question

-6-

the original custody decision, and thus his claims are inextricably intertwined with the state court proceedings. Because the *Rooker-Feldman* doctrine divests the Court of jurisdiction, the Court is without authority to decide this case and the Amended Complaint must be dismissed with prejudice.

Additionally, Defendant Jennifer Hage seeks attorney's fees. (Def. Hage's Mot. Dismiss at 1.) Hage cites the frivolity of the action as the basis for fees without further explanation. (*Id.*) Presumably, Hage is asking the Court to impose sanctions on Duenes under Federal Rule of Civil Procedure 11(c). However, Hage did not follow the procedure required by Rule 11(c). Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."). Hage's request is combined with her motion to dismiss and includes no specificity as to the alleged sanctionable conduct. Nonetheless, the Court will only impose sanctions as necessary to deter similar conduct. Fed. R. Civ. P. 11(c)(4). Here, the Court finds that dismissal of Duenes's action with prejudice is sufficiently deterrent, so sanctions would be inappropriate even under a properly filed motion. The Court will deny Hage's request for attorney's fees.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Jennifer Hage's Motion to Dismiss and Seek Attorney's Fees [Docket No. 48] is **GRANTED in part** and **DENIED in part** as follows:

   a. Defendant Jennifer Hage's Motion to Dimiss is **GRANTED**; and

   b. Defendant Jennifer Hage's Motion for Attorney's Fees is **DENIED**.

2. Defendant Mary Ulrich's Amended Motion to Dismiss [Docket No. 91] is **GRANTED**;

3. Defendants Sheri Devroy, Billie Frantesl, Jane Hardwick, MN Prairie County Alliance, and Erin Smith's Amended Motion to Dismiss [Docket No. 94] is **GRANTED**;

4. Defendant Barbara Carlson's Amended Motion to Dismiss [Docket No. 98] is **GRANTED**;

5. Defendant Brooklynn Fredericksen's Motion to Dismiss [Docket No. 102] is **GRANTED**;

6. Plaintiff's Amended Complaint [Docket No. 82] is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED: March 12, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge